IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EE HOLDING GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>18 THREADS CLOTHING COMPANY, *et al.*,<br><br>Defendants. | Civil Action No.<br>1:25-cv-0743-VMC |

**ORDER**

This matter is before the Court on the following motions filed by Defendant Gift In Collections Limited ("GICL" or "Defendant"):

- Motion to Set Aside Default and Dismiss for Lack of Personal Jurisdiction ("Motion to Set Aside," Doc. 24), and

- Motion to Lift Asset Freeze ("Motion to Lift," Doc. 25).

For the reasons below, the Court will deny both motions.

**I.    Background**

Plaintiff owns all intellectual property, including all trademark rights, of fashion designer Eric Emanuel and is the current owner of his global trademark portfolio. (Corrected Compl., Doc. 8 ¶ 9). Plaintiff owns two registered trademarks, that are valid and enforceable: U.S. Trademark Registration No. 6721224, and U.S. Trademark Registration No. 7310338. (*Id.* ¶ 11; Doc. 1-1).

Defendant GICL operates a virtual storefront through Alibaba, an e-commerce marketplace to sell, offer for sale, distribute and advertise to customers in the United States. (*See* Doc. 8 ¶ 7). Defendant uses, without Plaintiff's authorization, a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the goods it sells. (*Id.* ¶ 16). As a result of Defendant's infringing activity, Plaintiff seeks equitable relief including the recovery of Defendant's ill-gotten profits from the sale of counterfeit products, in accordance with 15 U.S.C. § 1117(a) (*Id.* ¶ 25).

Pursuant to Federal Rules of Civil Procedure 4(f)(3), the Court granted Plaintiff's motion for electronic means to serve process (Doc. 10). The Court also granted Plaintiff's ex parte motion for a temporary restraining order ("TRO") and asset freeze order to assure the availability of permanent relief. (Doc. 11). After Defendant was served (*see* Doc. 14), the Court held a hearing on Plaintiff's motion for a preliminary injunction; Defendant failed to appear at that hearing. (Doc. 17). After the hearing, the Court dissolved the TRO and asset freeze order and replaced them with a preliminary injunction and asset freeze. (Doc. 18). Three months later, the Clerk entered default as to Defendant, pursuant to Federal Rule of Civil Procedure 55(a) (Doc. 21). Two months after the entry of default, Defendant filed the instant motions to vacate default and dismiss for lack of personal jurisdiction, and to lift the asset freeze. (Docs. 24– 25).

## II.   Legal Standard

### A.   Setting Aside Entry of Default

The court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). "Good cause" does not have a precise definition and often depends on the court's consideration of if "the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *George v. Snyder*, 847 F. App'x 544, 548–49 (11th Cir. 2021) (quoting *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). The speed the defaulting party acted to correct the default is also relevant. *T-12 Ent., LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1393 (11th Cir. 2014).

### B.   Motion to Dismiss for Lack of Personal Jurisdiction

Under Fed. R. Civ. P. 4(k)(2), courts may exercise personal jurisdiction over foreign defendants who have enough contacts with the United States, but not with a single state to support personal jurisdiction. *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1315 (11th Cir. 2025). To use Rule 4(k)(2) against a foreign defendant, a plaintiff must show three elements: 1) the claim "arises under federal law", 2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and 3) "exercising jurisdiction is consistent

3

with the United States Constitution and laws." *Id.*; *see also Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1307 (11th Cir. 2022).

### C. Motion to Lift Asset Freeze

A district court has no authority to issue a preliminary injunction to prevent asset disposition where money damages are sought. *Grupo Mexicano de Desarrollo S. A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). However, courts have distinguished this rule from cases where the ultimate relief sought is equitable. *See S.E.C. v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005). When a plaintiff seeks equitable relief under 15 U.S.C. § 1117, the request invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze in order to assure the availability of permanent relief. *Levi Strauss & Co. v Sunrise Intern. Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995).

When a violation of any trademark right has been established, the plaintiff is entitled to recover: 1) the defendant's profits, 2) any damages sustained by the plaintiff, and 3) the costs of the action. 15 U.S.C. § 1117(a). In assessing the profits, the plaintiff is required to prove the defendant's sales only; the defendant must prove all elements of cost or deduction claimed. *Id.* Courts may award reasonable attorney fees to the prevailing party in exceptional cases. *Id.* An exceptional case standard has been defined by the Supreme Court to stand out from other cases based on the substantive strength of the party's litigating position or the

4

unreasonable manner the case was litigated. *See Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 F. App'x 772, 775 (11th Cir. 2021); *see also* 15 U.S.C. § 1117(a). Courts should exercise discretion when examining the totality of the circumstances. *Off Lease Only*, 846 F. App'x at 775.

### III.   Discussion

Defendant argues that the entry of default should be vacated because the Court lacks personal jurisdiction over it. (Doc. 24 at 10–14). Defendant further argues that it satisfies the good cause standard because its failure to respond was not willful, but simply due to unfamiliarity with the federal judicial process. (*Id.* at 16). Plaintiff responds that Defendant's motion to dismiss is untimely but also that Defendant has adequate minimum contacts with the United States and therefore meets the personal jurisdiction requirements. (Doc. 28 at 10–12). Plaintiff further argues that Defendant's default was willful as evidenced by Defendant's failure to deny receiving copies of the complaint, summons, and other documents. (*Id.* at 8–9).

#### A.   The elements of personal jurisdiction over a foreign defendant are satisfied.

Defendant argues that the Court lacks general personal jurisdiction over it because Defendant "does not have any office, factory, warehouse, showroom, inventory, employee, registered agent, or bank account in the United States, does not specifically target the United States or the State of Georgia, and therefore "does

5

not have 'continuous and systematic general business contacts' with the United States." (Doc. 24 at 10–11). Defendant further argues specific personal jurisdiction is also lacking without an activity or occurrence in the forum. (*Id.* at 24). Defendant asserts that an infringing product was not sold in the United States and that the product listing on its Alibaba's website is insufficient to establish personal jurisdiction as a matter of law. (*Id.* at 13–14).

The Court finds that Plaintiff has established a prima facie case of personal jurisdiction over Defendant. First, the claim must fall under federal law. Plaintiff's trademarks claims are brought pursuant to the Lanham Act, a federal law. The first element is satisfied.

Second, Defendant does not allege that it is subject to personal jurisdiction in any other state. Georgia's long arm statute allows a court to exercise personal jurisdiction over any nonresident as to a cause of action arising from any of the acts, omissions, ownership, use or possession as if he or she was a resident of the state, provided that he transact[s] any business within the state. *See Davis v. LG Chem, Ltd.*, 849 F. App'x 855, 857 (11th Cir. 2021). The long arm statute is satisfied by a connection between the defendant's contact with the state and the claims at issue. *Id.* "Transacts any business" is defined literally. '[T]ransacts' means 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on.' 'Any' means 'to any extent' or 'in any degree.' 'Business' means 'activity directed toward

some end,' or 'a usually commercial or mercantile activity customarily engaged in as a means of livelihood,' or 'transactions, dealings, or intercourse of any nature.'" *Scott v. Perez*, 1:22-cv-3308-MHC, 2022 WL 20689750 at *4 (N.D. Ga. Nov. 28, 2022) (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1264 n.18 (11th Cir. 2010)). There is no evidence Defendant has directed commercial or mercantile activity directly to Georgia. Therefore, Georgia's long arm statute does not apply. Since no state has personal jurisdiction over Defendant, the second element is satisfied.

Third, exercising jurisdiction here is consistent with the United States Constitution and laws. When a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth Amendment. *Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1349 (11th Cir. 2020). Personal jurisdiction comports with due process when the defendant has purposefully established minimum contacts with the forum and the exercise of jurisdiction will not offend notions of fair play and substantial justice. *Id.; see also U.S. Sec. & Exch. Comm'n v. Carillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). When the Fifth Amendment applies, the applicable forum for minimum contacts purposes is the entire United States, not the state in which the district court sits. *See Marin*, 982 F.3d at 1349. The Fifth Amendment Due Process Clause is like the Fourteenth Amendment, protecting individuals by giving fair notice that their activities will render them liable to suit

in a particular forum. *See id.* at 1342. Minimum contacts can be established by 1) the plaintiff's claim arising out of or relating to one of the defendant's contacts in the forum, 2) the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, and 3) the jurisdiction must comport with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A., v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

Relatedness requires a direct causal relationship between the defendant, the forum, and the litigation. *Id.* at 1355–56. Defendant sells various clothing and apparel to customers in the United States, as evidenced by sixty percent of its sales going to North America, various United States consumer product reviews, the platform using U.S. sizes and USD currency in price advertisements as well as touting other U.S. merchants Defendant has previously worked with. This litigation is centered on Defendant's sale of products infringing on protected U.S. trademarks. Plaintiff successfully established the required causal relationship. Purposeful availment can be evaluated through the effects test, evaluating if a single tort was intentional, aimed at the forum state, and caused harm the defendant should have anticipated would be suffered in the forum state. *See id.* at 1356; *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1285–86 (11th Cir. 2008). When a registered trademark is used for commercial gain, the party is said to have committed an intentional tort. *See Licciardello*, 544 F.3d at 1287. Defendant's

8

website was for-profit and showcased at least two registered trademarks; thus, the tort was intentional. For the earlier stated reasons, Defendant targeted the United States and should have anticipated its unauthorized trademark use would harm Plaintiff. Using a traditional minimum contacts test, the aggregate of all contacts must satisfy the same relatedness, purposeful availment, and reasonable anticipation of being drawn to the forum's court. Under both analyses, the minimum contacts prong has been satisfied.

After establishing minimum contacts, courts determine if assertion of personal jurisdiction would comport with fair play and substantial justice. *Marin*, 982 F.3d at 1350 (citation and quotations omitted). The factors considered are: 1) the burden on the defendant, 2) the forum's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, and 4) the judicial system's interest in resolving the dispute. *Louis Vuitton*, 736 F.3d at 1358 (citation and quotations omitted). Defendant has not offered any evidence that litigating in this forum would be a burden. This Court has an interest in adjudicating the dispute to protect U.S. consumers from trademark infringement. Plaintiff has a high interest in receiving effective relief in a convenient forum. The judiciary has an interest in resolving the case in the district where it was filed and has been pending. In sum, the Court concludes that it can exercise personal jurisdiction over Defendant.

## B.     There is no good cause to set aside the entry of default.

Courts have applied the good cause standard by evaluating factors such as 1) whether the default was culpable or willful, 2) whether setting aside the default judgment would prejudice the adversary, and 3) whether the defaulting party presents a meritorious defense. *George v. Snyder*, 847 F. App'x 544, 549 (11th Cir. 2021). First, default has been deemed to be "willful" when a litigant delayed or failed to respond to litigation due to confusion about its responsibility. *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1344–45 (11th Cir. 2024). When a summons is received and the language is clear, requires a response, and a warning of not responding is given, then intentional disregard is not good cause. *Id.* Here, Defendant does not challenge receipt of the summons. It is unfortunate that Defendant's previous attorney did not explain United States litigation practices (TU Decl. ¶¶ 30–35, Doc. 24-1), but lack of explanation is not good cause. A meritorious defense can be present when defendants are not properly served with a complaint, meaning default was not culpable or willful. *George*, 847 F. App'x at 549. However, Defendant was served through electronic means pursuant to Court order and does not contest the method of service. For this reason, the Court will not vacate the entry of default.

## C. The Court will not vacate the asset freeze.

The Court now turns to Defendant's motion to lift the asset freeze, which has two prongs: 1) that the asset freeze is too broad; and 2) that an asset freeze cannot be used for attorney's fees.

### 1. Defendant has failed to prove that the asset freeze is too broad.

First, Defendant argues that disgorgement of profits is inappropriate due to a total lack of sales of the allegedly infringing product. (Doc. 25 at 1–4). Defendant asserts that its corporate representative has confirmed there was not a single sale of the accused products. (*Id.* at 7). Thus, Defendant argues the asset freeze is too broad as it encompasses profits from non-infringing products. (*Id.* at 8).

A request for equitable relief invokes a district court's inherent equitable power to order preliminary relief, including an asset freeze, to assure the availability of permanent relief. *Levi Strauss & Co.*, 51 F.3d at 987. As noted earlier, a court does not have authority to invoke the asset freeze for money damages, but courts differentiate when the ultimate relief is equitable. *Grupo Mexicano*, 527 U.S. at 333; *ETS Payphones*, 408 F.3d at 734. However, the Lanham Act's disgorgement of profits is an equitable remedy. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1358 (11th Cir. 2019). Plaintiff is seeking equitable permanent relief on its trademark infringement claims under 15 U.S.C. § 1125(a). (Doc. 8 ¶32). The

11

preliminary relief of an asset freeze matched the permanent relief requested and was proper.

As Plaintiff points out, Defendant is in default and has therefore admitted each and every allegation in the complaint. Plaintiff has alleged, and Defendant has admitted, that it has sold goods that infringe on Plaintiff's trademarks. In addition to the admitted allegations, Plaintiff has proven infringement, as demonstrated by Defendant's use of Plaintiff's trademarks on its Alibaba storefront. Plaintiff has also demonstrated sales, and resulting profits, by the fact that Defendant's funds were frozen.

Furthermore, Defendant is not entitled to a reduction in the amount of funds frozen. Defendant argues that Plaintiff has failed to meet its burden of showing that the frozen funds connect to the infringing activity. Plaintiff counters that all it must do is show defendant's sales only and then it is Defendant's burden to prove elements of cost or deduction to be excluded. (Doc. 29 at 7) (citing *Instant One Media v. EzFauxDecor*, No. 22-11374, 2023 WL 2422196 at *2–3, (11th Cir. 2023)); 15 U.S.C. § 1117(a). Whether the Court can rely on the burden shifting paradigm of § 1117(a) in the context of an asset freeze appears to be an open question in the Eleventh Circuit. *See L-Acoustics v. Se7ven Sounds Music, Inc.*, No. 8:22-cv-2823, 2023 WL 2931756, at *2 (March 28, 2023) (citing *Acushnet Co. v. 168GOLFSHOP*, No. 16-61537-CIV, 2016 WL 8677192, at *6 (S.D. Fla. Sept. 8, 2016)). The *L-Acoustics*

12

court found that the burden shifting framework Plaintiff relies on is used to determine the amount in judgment, not the scope of an asset freeze. *L-Acoustics*, 2023 WL 2931756, at *3.

The Court does not need to resolve this issue, however. First, Defendants have waited too long to seek relief from an equitable remedy. *Arthur v. Allen*, 574 F. Supp. 2d 1252, 1256 (S.D. Ala. 2008) ("Simply put, equity aids the vigilant, not those who sleep on their rights."). Second, by virtue of default, Defendant has admitted facts that permit the Court to make a finding that Defendant has and will engage in surreptitious behavior that will make it difficult to trace funds, which is another reason to leave the asset freeze in place. *L-Acoustics*, 2023 WL 2931756, at *3. Finally, even if the burden shifting arrangement of § 1117(a) does not apply, the fact that Defendant failed to provide any sales data or business records to support lack of sales prior to filing its motions still weighs against relief from the asset freeze. The Court also notes that in its briefing, Defendant asserts that Plaintiff should have obtained sales data from Alibaba. Rather than providing its own financial data, Defendant relies on a conclusory statement in an affidavit. Under these circumstances, the Court will not lift the asset freeze.

### 2. The potential remedy of attorney's fees does not justify vacating the asset freeze.

Finally, Defendant argues that the Court should vacate the asset freeze because it cannot be used to satisfy an award of attorney's fees under the Lanham Act, which is a statutorily created legal remedy, rather than one rooted in the court's general equity power. (Doc. 25 at 9). Moreover, Defendant asserts that Plaintiff's attorney's fees are speculative. (*Id.* at 10). Plaintiff responds that attorney's fees are equitable in nature and that its fees are not speculative because by virtue of its default, Defendant has admitted to every allegation in the complaint, including that this is an exceptional case under the Lanham Act warranting attorney's fees. (Doc. 29 at 9).

Most courts consider attorney's fees in the Lanham Act as an equitable remedy. *See Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910, 928 (S.D.N.Y. 1992); *see also Eden Foods v. Baksht*, No. 14-CV-3222 (MKB), 2015 WL 800240 at *2 (E.D.N.Y. Feb. 25, 2015). Defendant cites a dissimilar case where attorney's fees were included in an asset freeze. *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 12-CV-6283 (VSB), 2016 WL11944285 at *15 (S.D.N.Y. Sept. 30, 2016). But this Court's asset freeze was related to Defendant's infringing conduct, not Plaintiff's attorney fees. (*See* Doc. 18 at 5–6). Thus, the attorney's fees were and continue to operate separately and independently from the asset freeze. See 15 U.S.C. § 1117(a) (separating defendant's profits, which the plaintiff "shall be entitled," from attorney fees

14

which may be awarded in exceptional cases). The Court will not vacate the asset freeze simply because Plaintiff has requested attorney's fees.[1]

## IV. Conclusion

For the reasons above, the Court **DENIES** Defendant GICL's Motion to Vacate Default and Dismiss for Lack of Personal Jurisdiction (Doc. 24) and Defendant GICL's Motion to Lift the Asset Freeze (Doc. 25). It is

**FURTHER ORDERED** that Plaintiff's Motion for Oral Argument on All Pending Motions (Doc. 32) is **DENIED as moot.**

**SO ORDERED** this 14th day of January, 2026.

_____
Victoria Marie Calvert
United States District Judge

---

[1] As Plaintiff has not yet sought attorney's fees, the Court does not yet need to determine whether this case is exceptional.